**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00473-CV

———————————————

**ROBERT R. BURCHFIELD, Appellant**

**V.**

**PROSPERITY BANK, Appellee**

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2011-03085

## O P I N I O N

This is an appeal from a summary judgment in favor of a bank against a guarantor on a note. The issue we consider is whether the bank is precluded from suing a joint-and-severally liable co-guarantor for a deficiency on a note if the

bank already holds an uncollected judgment against another joint-and-severally liable co-guarantor for the full amount of the deficiency. We answer that question in the negative, and affirm the trial court's summary judgment.

## BACKGROUND

In August 2008, Appellee Prosperity Bank made two notes to American Southern Real Estate Group, LLC—"Note A" for $603,772 and "Note B" for $521,427—secured by real property in the Crown Ranch Subdivision. Four people signed individual guarantee agreements for each note: appellant Robert Burchfield, Paul Woodall, Raymond Waymel, and Robert Welkie. Southern Real Estate Group defaulted on the notes and, in December 2010, Prosperity foreclosed on the collateral properties. After applying the amounts Prosperity recovered by selling the properties, a collective deficit of $245,010.84 remained on the notes.

Prosperity made a demand on the four guarantors to pay the deficiency pursuant to their individual guarantee agreements. Prosperity then filed separate lawsuits against two of the guarantors, Woodall and appellant Burchfield. Woodall failed to answer, and Prosperity took a default judgment against him.

Prosperity entered into a settlement agreement with the other two guarantors, Waymel and Welkie. Pursuant to that agreement, Waymel and Welkie paid $135,000 towards the deficiency, and received an assignment of the default

2

judgment against Woodall. Prior to the assignment, Prosperity did not collect any money on the judgment from Woodall.

## A. The Trial Court Proceedings

After entering into the settlement agreement with Waymel and Welkie, Prosperity filed an amended petition in the underlying suit against Burchfield reciting facts related to the settlement and reducing the amount sought from Burchfield to $132,805.18 (representing the remaining deficiency after accounting for the amount recovered from Waymel and Welkie, as well as accrued interest).

The parties filed cross-motions for summary judgment. Prosperity argued that, given the language of the notes, the guarantee agreements, and the undisputed facts, it was entitled to judgment against Burchfield on the remaining deficiency as a matter of law. Burchfield's motion stated he was moving on "affirmative defenses of waiver, issue preclusion, claim preclusion, collateral estoppel, res judicata and the one recovery rule (one satisfaction rule)," but actually provided argument and authority only on a res judicata theory. The crux of his argument was that once Prosperity obtained a default judgment against Woodall for the entire deficiency, it was precluded from then seeking judgment against Burchfield because any judgment against Burchfield would make Prosperity more than whole. What Prosperity should have done, according to Burchfield, is sue each guarantor

3

in the same suit to make the guarantors joint-and-severally liable for the deficiency amount, but no more.

The trial court denied Burchfield's motion for summary judgment and granted summary judgment for Prosperity for the amount of the outstanding deficiency on the notes. The court held a hearing on attorneys' fees, and signed a final judgment awarding Prosperity $132,805.18 on the notes and $20,000.00 for attorneys' fees. Burchfield timely appealed.

**B. The Guarantee**

The guarantee agreement between Prosperity and Burchfield contains the following provisions:

> Guarantors jointly and severally . . . absolutely and unconditionally guarantee to the Lender . . . the prompt, complete and full payment at maturity of all sums owing and to be owing upon the Note, including interest and attorney's fees as provided for therein.
>
> . . . .
>
> Whenever any indebtedness, or any renewal thereof, guaranteed hereunder, shall become due and remain unpaid, the Guarantors, jointly and severally, will on demand . . . pay the amount due thereon to the Lender . . . at HOUSTON, Texas; and it shall not be necessary for the Lender . . . to first institute a suit, or exhaust its remedies against Borrower, or others liable on such indebtedness, or to enforce its rights against any security which shall have been given the Lender . . .
>
> The Lender . . . shall not be liable for failure to use diligence in the collection of any indebtedness hereby guaranteed or in preserving the liability of any person liable on said indebtedness . . . .

It is specially agreed that *the liability of each of the Guarantors for the payment of each note . . . shall be joint and several; and that suit may be brought against the Guarantors jointly and severally and against any one or more of them, less than all, without impairing the rights of the Lender . . . against the other of the Guarantors; and that the Lender may compromise with any one of the Guarantors for such sum or sums as it may see fit, and release such of the Guarantors from all further liability to the Lender for such indebtedness, without impairing the right of the Lender to demand and collect the balance of such indebtedness from others of the Guarantors not so released*. It is agreed among the Guarantors themselves, however, that such compromising and release shall in no way impair the rights of the Guarantors as among themselves.

In the event of default, . . . Guarantor(s) shall promptly pay the amount due thereon to Lender without notice or demand . . . and it shall not be necessary for Lender, in order to enforce such payment by Guarantor(s), first to institute suit or exhaust its remedies against . . . others liability on such Note . . .

(emphasis added).

## ISSUE ON APPEAL

On appeal, Burchfield challenges both the trial court's granting of Prosperity's motion for summary judgment and the denial of his motion for summary judgment.

## STANDARD OF REVIEW

We review a traditional summary judgment to determine whether the record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In

5

deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in its favor. *Nixon*, 690 S.W.2d at 548–49. When both sides move for summary judgment and the trial court grants one motion and denies the other, we review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). When reviewing cross-motions for summary judgment, we may render the judgment that the trial court should have rendered. *FM Props. Operating Co.*, 22 S.W.3d at 872; *Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## RES JUDICATA

"Res judicata prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality." *Houtex Ready Mix Concrete Materials v. Eagle Constr. & Envtl.*, 226 S.W.3d 516, 518 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex. 1999)). Res judicata bars claims or defenses that, through diligence, should have been litigated in the earlier suit but were not. *Id.* at 518–19. "Res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity

6

with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Id*. at 519 (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996)).

Burchfield argues that "Texas law does not allow a Plaintiff to do what [Prosperity] is attempting to do" because "[r]es judicata bars all claims which previously have been litigated, including all claims which *could have been litigated*, in the prior suit." Burchfield quotes the following excerpt from the Texas Supreme Court's decision in *Citizens Ins. Co. of Am v. Daccach*, arguing that the opinion prohibits banks from suing multiple guarantors in separate lawsuits and obtaining double recovery:

> The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr* [*v. Resolution Trust Corp.*], 837 S.W.2d [627,] 629 [(Tex. 1992); *Jeanes* [*v. Henderson*], 688 S.W.2d [100,] 105 [(Tex. 1985)].
>
> Under the transactional approach followed in Texas, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Barr*, 837 S.W.2d at 631. We explained in Barr that "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Id*. at 631 (citing Restatement (Second) of Judgments § 24(1) (1982)). Determining the scope of the "subject matter" or "transaction" of the prior suit requires "an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id*. at 630. This should be done pragmatically, "'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the

7

parties' expectations or business understanding or usage.'" *Id*. at 631 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id*. at 630.

217 S.W.3d 430, 449 (Tex. 2007).

In response, Prosperity argues that the trial court correctly concluded that the doctrine of res judicata does not apply. Specifically, it argues that (1) "Burchfield was not a party to the Woodall case and is not in privity with anyone from that lawsuit," and (2) "Prosperity Bank's claims against Burchfield in this lawsuit were not based on the same claims as were raised or could have been raised in the first action."

We agree with Prosperity that Burchfield cannot establish that res judicata bars litigation of his obligation on the guarantee in the underlying case. In the prior lawsuit, Prosperity sued—and obtained a default judgment against—Woodall based upon the guarantee agreement entered into between Prosperity and Woodall. In the underlying suit here, Prosperity sued Burchfield to collect under the guarantor agreement entered into between Prosperity and Burchfield. Because Burchfield was not a party to the prior suit, he must establish he was in privity with a party to that lawsuit.

"There is no general definition of privity that can be automatically applied in all res judicata cases; the circumstances of each case must be examined." *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 96 (Tex. App.—Eastland 2010, pet.

8

denied) (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex.1992)). "People can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996).

Burchfield argues that privity here between co-guarantors is a given because "the two lawsuits revolve around the same borrower, the same notes, the same guarantors, the same breach, and the same damages." But this argument does not speak to the issue of privity; rather it conflates privity, which speaks to "identity of parties," with another separate and distinct element of res judicata, i.e., whether "a second action based on the same claims that were raised or could have been raised in the first action." Many of the underlying facts in the Woodall action and the underlying case are the same, as neither guarantor would be liable without a threshold finding of default by Southern Real Estate Group on its note. But, as we have previously admonished, "privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts." *Gaughan v. Spires Council of Co-Owners*, 870 S.W.2d 552, 555 (Tex. App.—Houston [1st Dist.] 1993, no writ).

In its suit against Burchfield, Prosperity did not seek to bind Burchfield to any legal determination from its default judgment against Woodall. Woodall did not answer or defend himself in the prior lawsuit, so he certainly cannot be deemed to have represented Burchfield's interest there. And, perhaps most importantly, allowing Prosperity to proceed with the underlying suit has not subjected Burchfield to two different lawsuits. *See Barr*, 837 S.W.2d at 631 (holding res judicata applied to prevent relitigation of liability where defendant was subject to two lawsuits under different theories of liability on the same note).[1]

While it would have been more efficient for Prosperity to sue Woodall and Burchfield in the same lawsuit, we also note that the guarantee agreement Burchfield signed permits Prosperity to pursue the guarantors separately:

> It is specially agreed that the liability of each of the Guarantors for the payment of each note . . . shall be joint and several; and that *suit may be brought against the Guarantors jointly and severally and against any one or more of them, less than all, without impairing the rights of the Lender* . . . against the other of the Guarantors.

---

[1] The Restatement of Judgments—in a section entitled "Judgments Against One of Several Persons Liable for the Same Loss"—specifically contemplates successive suits so long as there is no double recovery. RESTATEMENT (SECOND) OF JUDGMENTS § 49 (1982) ("A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefore."); *see also id.* § 49(b) & ill.3 (noting that a "judgment against one obligor under a contract does not terminate the claim against another obligor under the contract," although the obligor in the original suit "has the right to demand that his co-obligor be joined as a defendant").

10

(emphasis added). In other words, Burchfield expressly agreed that Prosperity's bringing suit against "less than all" of the guarantors (i.e., only Woodall) would not impair Prosperity's right against the other guarantors (i.e., Burchfield). Allowing Burchfield to avoid liability by invoking res judicata would thus contradict the terms of the agreement. *See Gilbert v. Fireside Enter., Inc.*, 611 S.W.2d 869, 877 (Tex. Civ. App.—Dallas 1980, no writ) (recognizing "general rule" that "a party may waive the defense of res judicata"); *Cf.* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(a) (parties can agree to waive rule against plaintiff "claim splitting" against defendant in successive action).

While Burchfield cites cases explaining the general policies behind res judicata, it cites no authority for holding co-guarantors situated as Woodall and Burchfield in privity for purposes of res judicata based only on their having signed personal guarantee agreements on the same note.

We conclude that the trial court correctly determined that Burchfield did not raise an issue of fact as to his res judicata defense in response to Prosperity's motion for summary judgment.

**DOUBLE RECOVERY**

Burchfield next argues that for "the Bank to prevail on a breach of contract claim, it has to plead and prove it has actual damages." According to Burchfield,

"the Bank was made whole in the prior lawsuit against Paul Woodall," and "Texas law does not allow a Plaintiff to obtain a judgment for more than its damages."

Prosperity responds that the "one satisfaction rule" alluded to by Burchfield's argument does not apply because "a judgment does not equate to collection." Because Burchfield does not dispute that he is joint-and-severally liable with the other guarantors, Prosperity argues that Texas law allows it a judgment against Burchfield for the unsatisfied amount of the deficiency regardless of any uncollected judgments against any other guarantor. We agree.

"A double recovery exists when a plaintiff obtains more than one recovery for the same injury." *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998). The trial court entered summary judgment against Burchfield for the amount of the deficiency on the notes after deducting the amounts recovered by Prosperity in its settlement with Waymel and Welkie. While Prosperity also obtained a default judgment against Woodall, it submitted summary judgment evidence that it never recovered any money on the default judgment.[2]

We recently addressed an analogous issue in the election-of-remedies context. In *Krobar Drilling v. Ormiston*, the issue was "whether a plaintiff who obtains a breach-of-contract judgment against one defendant is prohibited from

---

[2]    Nor can Prosperity collect on the judgment in the future, as the evidence shows that it assigned that judgment to the Waymel and Welkie as part of a settlement.

12

later bringing tort claims against other defendants for the same damage after it is unable to collect on the breach-of-contract judgment." No. 01-10-01016-CV, __ S.W.3d __, 2012 WL 1564160, at *1 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied). We rejected the defendants' "double recovery" argument, reasoning:

> It is well-settled that an injured party may sue and proceed to judgment against all joint tortfeasors together, or any number less than all, or each one separately in successive suits; and that an unsatisfied judgment recovered against one of them will not operate as a bar to an action against another; provided, however, the plaintiff may finally satisfy only one judgment.

*Id*. at *3; *see also Ally v. The Bank & Trust of Bryan/College Station*, No. 10-11-00080-CV, 2012 WL 662324, at *11 (Tex. App.—Waco Feb. 29, 2012, no pet.) (rejecting argument by joint-and-severally-liable appellant/co-guarantor that uncollected judgment against another co-guarantor for full amount of note precluded judgment against appellant, reasoning that any double recovery argument was premature given that no "amounts have been paid by either party").

Prosperity "acknowledges that it cannot *collect* more than it is owed," but contends that "it is still entitled to a judgment from Burchfield for the amount due on the notes after the settlement with Waymel and Welkie." Because Burchfield does not allege that Prosperity has actually collected more than the deficiency on the guaranteed notes, the principles of "one satisfaction" and "double recovery" are not applicable here.

13

## CONTRACT LANGUAGE

Finally, Burchfield contends that "[a]ccording to the Note guarantee agreements, the guarantors are to be sued 'jointly and severally' and in a single 'suit.'" For reasons previously explained, we do not read the guarantee so narrowly. The phrase "single suit" is not actually found in the language of the guarantee agreement. The agreement does use the word "suit" in the singular form, but in the context of stating that a "suit" may be brought against less than all of the guarantors "without impairing the rights of the Lender" against the other guarantors. We do not agree that using the singular form of the word suit—in this context—contractually limits Prosperity's ability to bring separate suits against the co-guarantors.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.