**Affirmed and Opinion filed July 30, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00270-CV

### BRIAN P. MIN, FEDERAL OFFSHORE, INC., AND MIN TRANSCONTINENTAL, INC., Appellants

### V.

### H & S CRANE SALES, INC., Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10-CV-1864**

## O P I N I O N

Appellants Brian P. Min, Federal Offshore, Inc., and Min Transcontinental, Inc. (collectively Min), appeal from an order signed by the trial court after a panel of this Court reversed the trial court's final judgment, rendered judgment in favor of appellee, H & S Crane Sales, Inc. (H & S), and remanded the case to the trial court with instructions. Among other things, we instructed the trial court to determine the status of money that Min had deposited into the registry of the court. The trial court

conducted two oral hearings and then signed an Order on Remand, in which it determined that no money related to the case remained in the court's registry.

Min brings two issues on appeal. Min initially argues that the trial court erred when it signed the Order on Remand because, according to Min, it had already paid the judgment debt and as a result, the Order on Remand enables H & S to obtain a double recovery. In its second issue, Min asserts that the trial court exceeded its authority on remand when it examined the status of all three checks Min sent pursuant to the trial court's later-reversed final judgment because it allows H & S to seek a double recovery. We overrule Min's issues on appeal because: (1) the record on appeal does not establish that Min had paid H & S the amount owed pursuant to the judgment rendered by this Court at the time the trial court signed the Order on Remand; and (2) the trial court, to the extent it considered Min's checks and still found that H & S was entitled to the entire $595,000 judgment amount, was acting within its authority to give full effect to this Court's appellate judgment and mandate. We therefore affirm the trial court's Order on Remand.

## BACKGROUND

This case began when H & S leased a crane to Min in 2010. A dispute arose over Min's use of the crane, and H & S filed suit against Min. Min, in turn, filed a counterclaim against H & S. The case eventually went to trial before the bench in 2012. Before the trial court signed its judgment, H & S and Min entered into a high-low settlement agreement providing that, consistent with the trial court's judgment, Min would pay damages to H & S of no less than $525,000 and no more than $595,000.[1]

---

[1] The high-low agreement is not in our record and Min does not argue that the payments at issue were made in accordance with the settlement and not the judgment, now reversed. The checks admitted at the February 17, 2014 hearing bore the notation "settlement."

2

The trial court eventually signed an amended final judgment in favor of H & S in the amount of $595,000. *H & S Crane Sales, Inc. v. Min*, No. 14-12-00783-CV, 2013 WL 5306101, at * 2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2013, no pet.). Given a dispute between H&S's current attorney (Hodge Law Firm) and former attorney (Charles Kaufman) over fees, the amended final judgment specifically ordered Min to pay the judgment in the following manner:

1. One check payable to Hodge Law Firm in the amount of $241,119.13.
2. A check payable to [the] Galveston County District Clerk in the amount of $119,000 for the benefit of H & S Crane Sales, Inc. and Charles Kaufman into [sic] an interest bearing account; and
3. A check payable to H & S Crane Sales, Inc. in the amount of $234,880.87.

*Id.* H & S filed a motion for new trial the same day.[2]

Although the trial court's plenary power had not yet expired and the amended final judgment was still subject to appeal, Min's insurance company issued three checks on June 14, 2012, and Min mailed them as directed by the amended final judgment. H & S filed its notice of appeal challenging the amended final judgment in August 2012.

On September 19, 2013, this Court issued its opinion reversing the trial court's amended final judgment "insofar as it awards fees to the Hodge Law Firm and Charles Kaufman" because they were not parties to the litigation, and we rendered "judgment awarding the entire sum of $595,000 to H & S." *Id.* at *4. The opinion went on to remand to the trial court "for further proceedings consistent with this opinion, including but not limited to proceedings to address the status of any funds withdrawn from the court's registry." *Id.*

---

[2] H & S's motion for new trial was overruled by operation of law. *H & S Crane Sales, Inc.*, 2013 WL 5306101, at * 2.

3

On remand, the trial court conducted two hearings and determined that Min had sent the three checks discussed above. The attorney for H & S represented to the trial court that the check payable to H & S had not been cashed, as the cover letter accompanying the check stated that it was sent in full payment of the amount owed to H & S pursuant to the amended final judgment. Following the hearings, the trial court signed an Order on Remand in which it "determined that there are no longer any funds in the court's registry."[3] The Order on Remand further stated that H & S "is entitled to a finalization of these proceedings consistent with this Court's prior judgment and the rendition on appeal and it is therefore ordered that there is no additional relief to which the parties are entitled other than that acknowledged in this Court's prior judgment and that rendered by the Court of Appeals."

The trial court also made Findings on Remand. These findings confirmed that none of the funds deposited into the trial court's registry remained as all had been disbursed by the district clerk in the manner ordered by the now-reversed amended final judgment. The trial court also determined "that H & S was entitled to a Final Judgment for $595,000 against Min." This appeal followed.

H & S filed a motion asking this Court to dismiss Min's appeal. In that motion, H & S argued we did not have jurisdiction over Min's appeal because the Notice of Appeal was filed more than thirty days after the trial court signed the order on remand. In a per curiam order, we stated:

> The record reflects that on March 5, 2014, [Min] filed written findings and the trial court signed them. In light of the hearing record, which establishes that the findings were submitted in accordance with a previous oral understanding between the parties and the trial court that

---

[3]     The Court noted at the February 17, 2014 hearing that a withdrawal from the court's registry had been made "per order." We noted in our prior opinion that the docket sheet reflects that Charles R. Kaufman filed a motion to withdraw funds from the registry of the court on June 1, 2012, and that the trial court signed an "Order to Release Funds" on June 25, 2012. The order is now in the record.

4

written findings would be made, appellants' filing of proposed findings is properly construed as a written request for findings of fact and conclusions of law. Texas courts "have long favored a common sense application of our procedural rules that serves the purpose of the rules, rather than a technical application that rigidly promotes form over substance." *Thota v. Young*, 366 S.W.3d 678, 690 (Tex. 2012).

Because the proposed findings were filed within 20 days after the order was signed, the appellate timetable was extended and appellant's notice of appeal was timely filed. *See* Tex. R. App. P. 26.1(a) (when appellant has filed a timely request for findings of fact and conclusions of law, the notice of appeal must be filed within ninety days after the date the appealable order is signed).

We therefore denied H & S's motion to dismiss.[4]

## ANALYSIS

Min argues in its first issue that it has fully paid the original judgment the trial court rendered against it. Min goes on to argue that because it has already paid that judgment, the trial court erred when it signed the Order on Remand because the order allows H & S a double recovery. In its second issue, Min contends the trial court exceeded its authority on remand when it examined the status of all three checks Min sent pursuant to the trial court's reversed final judgment, most notably the $234,880.87 check mailed to H & S, because considering the disposition of those checks also enables H & S to receive a double

recovery.

I.    **The trial court's amended final judgment was reversed on appeal, and Min may not rely on it to establish that it has satisfied the judgment in favor of H & S.**

Min argues that H & S is attempting to obtain a double recovery because the judgment in favor of H & S has been fully satisfied as a result of Min's insurance

---

[4] In its brief, H & S asks us to revisit this jurisdictional ruling. We decline to do so.

5

company sending three checks, totaling $595,000, to the entities specified in the trial court's amended final judgment. Min makes this argument even though it sent the payments while the trial court still had plenary power to change the amended final judgment and also while the amended final judgment was subject to appeal. *See Lane Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) ("During this time, the trial court has plenary power to change its judgment."); *see also* Tex. R. App. P. 43.2 (listing types of judgments a court of appeals can render, including a judgment that reverses the trial court's judgment and renders the judgment that the trial court should have entered).

Min's argument is flawed because the trial court's amended final judgment was reversed by this Court on the ground that it incorrectly awarded money to H & S's attorneys, the Hodge Law Firm and Charles Kaufman, who were not parties to the lawsuit. *H & S Crane Sales, Inc.*, 2013 WL 5306101, at *3–*4; *see In re K.G.S.*, No. 14-12-00673-CV, 2014 WL 801127, at *10 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014, orig. proceeding) (mem. op.) ("Under the law-of-the-case doctrine, decisions rendered in former appeals are generally binding in a later appeal of the same case."). A reversed judgment is ineffective and unenforceable. *Phillips v. Bramlett*, 407 S.W.3d 229, 238 (Tex. 2013). Therefore, we hold that Min's argument in this appeal—that it fully satisfied the $595,000 judgment in favor of H & S through payments made to non-parties pursuant to language contained in a reversed judgment—must be rejected. *See id.*; *cf. BOC Group, Inc. v. Katy Nat'l Bank*, 720 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1986, no writ) (stating general rule that payments made by debtor after receiving notice of a valid assignment do not discharge debtor from liability to assignee).[5]

---

[5] In this proceeding, Min has not sought restitution of payments made to Hodge Law Firm and Kaufman under the trial court's later-reversed amended final judgment. *Cf. Miga v. Jensen*, 299 S.W.3d 98 (Tex. 2009).

**II.    Min did not show that H & S will receive a double recovery given Min's prior payments under the later-reversed amended final judgment.**

It is a settled principle of Texas jurisprudence that a party is not entitled to more than one recovery for a single injury. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) (per curiam). It follows from this principle that a judgment creditor cannot collect more than it is owed under a judgment. *See Burchfield v. Prosperity Bank*, 408 S.W.3d 542, 548–49 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (discussing double recovery and one-satisfaction rule).

Min has not pointed to any evidence in the record on appeal establishing that the check it sent directly to the Hodge Law Firm and the check it deposited into the registry of the court for the benefit of H & S and Charles Kaufman have resulted in any payments made to and accepted by H & S.[6] Also, it is undisputed on appeal that H & S never cashed the $234,880.87 check that Min mailed directly to H & S. We therefore hold that Min has not established that it fully paid the $595,000 judgment in favor of H & S rendered by this Court in the prior appeal, and that the trial court did not abuse its discretion in making its Order on Remand. *See Ally v. The Bank & Trust of Bryan/College Station*, No. 10-11-00080-CV, 2012 WL 662324, at *11 (Tex. App.—Waco Feb. 29, 2012, no pet.) (mem. op.) (rejecting argument by jointly-liable appellant/co-guarantor that uncollected judgment against another jointly-liable co-guarantor for full amount of note precluded judgment against appellant because any double recovery argument was premature given that no amounts had actually been paid by either jointly-liable co-guarantor); *see also Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 434 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("If a judgment creditor accepts money in complete satisfaction and release of his

---

[6] Min did not amend its pleadings on remand to allege a right to offset or credit as to any payments it made to H & S or its attorneys.

7

judgment, that judgment has no further force or authority."). We overrule Min's first issue on appeal.

### III. The trial court did not exceed its authority on remand when it examined the status of all three checks sent by Min.

Finally, in its second issue on appeal, Min argues that the trial court exceeded its authority on remand when it examined the status of all three checks sent by Min pursuant to the trial court's later-reversed final judgment, including the $234,880.97 check Min mailed to H & S, and determined that H & S was still entitled to a final judgment of $595,000 against Min. We disagree.

A mandate is the official notice of the action of the appellate court, directed to the court below, advising the lower court of the appellate court's action and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed. *Saudi v. Brieven*, 176 S.W.3d 108, 116 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). A trial court has a ministerial duty to observe and carry out an appellate court's mandate. *Jay Petroleum, L.L.C. v. EOG Resources, Inc.*, 332 S.W.3d 534, 541 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When an appellate court reverses a trial court's judgment and remands the case to the trial court however, the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate. *Phillips*, 407 S.W.3d at 234. Trial judges must do the best they can to follow what the court of appeals says in its mandate. *Madekso v. Abraham*, 112 S.W.3d 679, 691 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc). A trial court abuses its discretion when it does not. *Id.* at 685.

Here, this Court reversed the trial court's judgment and rendered judgment awarding the entire sum of $595,000 to H & S. *H & S Crane Sales, Inc.*, 2013 WL 5306101, at * 4. We then remanded the case to the trial court "for further

8

proceedings consistent with this opinion, including but not limited to proceedings to address the status of any funds withdrawn from the court's registry." *Id.*

On remand, the trial court conducted two hearings examining the status of all three checks Min mailed pursuant to the later-reversed amended final judgment. The trial court determined that no funds remained in the registry of the court because the funds had been disbursed to Charles Kaufman. In addition, as discussed above, it is undisputed that H & S never cashed the $234,880.87 check that Min mailed directly to H & S. The trial court considered the arguments of counsel regarding the status of the checks sent by Min and ultimately made a finding that H & S was still entitled to the full judgment amount of $595,000. We hold that the trial court did not abuse its discretion when it did so because, when it signed the Order on Remand, it was acting within its authority to give full effect to this Court's appellate judgment and mandate, and it took no action inconsistent with this Court's prior judgment and mandate. *Phillips*, 407 S.W.3d at 234; *Madekso*, 112 S.W.3d at 691. We overrule Min's second issue on appeal.

## CONCLUSION

Having overruled Min's issues on appeal, we affirm the trial court's Order on Remand.

/s/    J. Brett Busby
               Justice

Panel consists of Justices Boyce, Jamison, and Busby.

9