

# NUMBER 13-20-00417-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JASON A. BURKETT

On appeal from the 430th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Relator Jason Burkett filed a petition for writ of mandamus contending that the trial court failed in its ministerial duty to conduct an evidentiary hearing to determine child support arrearages in violation of this Court's mandate in *Burkett v. Burkett*, No. 13-18-00385-CV, 2019 WL 3331635, at *13 (Tex. App.—Corpus Christi–Edinburg July 25, 2019, pet. denied). Real party in interest Zina Michelle Burkett has filed a response to the petition, and Jason has filed a reply to her response.

To obtain relief by writ of mandamus, a relator must establish that the trial court committed a clear abuse of discretion and that there is no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

A mandate formally commands a lower court to obey a higher court's judgment. *In re Assurances Generales Banque Nationale*, 334 S.W.3d 323, 325 (Tex. App.—Dallas 2010, orig. proceeding). On remand, the trial court's jurisdiction is limited to the issues specified in the mandate and the scope of the mandate is determined by referring to both the appellate opinion and the mandate itself. *See Cessna Aircraft Co. v. Aircraft Network*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). When the appellate court remands a case with instructions, the trial court is given a reasonable amount of discretion to comply with the mandate. *Russell v. Russell*, 478 S.W.3d 36, 42 (Tex. App.—Houston [14th Dist.] 2015, no pet.). In exercising its discretion, the trial court is authorized to take all actions that are necessary to give full effect to the appellate court's judgment and mandate. *Min v. H & S Crane Sales, Inc.*, 472 S.W.3d 773, 778–79 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply and the applicable law, concludes that relator has not met his burden to obtain relief. *See id.*; *Russell*, 478 S.W.3d at 42. Accordingly, we DENY the

petition for writ of mandamus.

LETICIA HINOJOSA
Justice

Delivered and filed the
28th day of October, 2020.

3