Opinion issued November 17, 2020



In The

# Court of Appeals

For The

## First District of Texas

—————————————

## NO. 01-20-00163-CV

—————————————

## WALLER COUNTY, TEXAS, Appellant

## V.

## TERRY HOLCOMB, Appellee

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 16-07-23803**

---

## MEMORANDUM OPINION

This appeal arises from the trial court's award of attorney's fees and sanctions

to appellee Terry Holcomb on his successful motion to dismiss Waller County's suit

under the Texas Citizens Participation Act ("TCPA")[1] per the judgment of this Court. The underlying suit arose when Waller County sued Holcomb for challenging the County's posting of signs barring holders of concealed-handgun licenses from entering the Waller County Courthouse while armed in violation of Section 411.209 of the Government Code. Section 411.209 forbids a political subdivision from posting notices barring entry to armed concealed-handgun permit holders unless entry is prohibited by statute. The district court agreed with the County, granted its request for declaratory relief, and denied Holcomb's plea to the jurisdiction and motion to dismiss the County's suit under the TCPA.

On appeal, this Court reversed the trial court's judgment. *See Holcomb v. Waller Cnty.*, 546 S.W.3d 833, 835 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("*Holcomb I*"). Waller County did not file a motion for rehearing or en banc reconsideration of our judgment. Instead, Waller County petitioned the Texas Supreme Court to review our judgment. The Texas Supreme Court denied Waller County's petition and our plenary power expired. We issued our mandate and remanded the case to the district court with instructions to dismiss Waller County's suit for lack of subject-matter jurisdiction after holding further proceedings only to award Holcomb his court costs, reasonable attorney's fees, other expenses incurred

---

[1] *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The underlying suit involved the pre-September 1, 2019 version of the TCPA.

in defending against the action, and any other relief available under the TCPA. *Id.* at 840. On remand, the trial judge recused himself and a visiting judge rendered judgment for Holcomb in the amount of $71,537.50 in attorney's fees and $25,000 in sanctions and dismissed the case with prejudice.

This second appeal arises from those further proceedings. In four issues, Waller County challenges the trial court's judgment by asserting that (1) the trial court lacked jurisdiction on remand because Holcomb did not timely file his notice of appeal, rendering this court's opinion, judgment, and mandate void; (2) the TCPA did not apply to the declaratory-judgment suit; (3) this Court lacked authority to award attorney's fees and costs to Holcomb because the TCPA only allows for such awards for cases dismissed on the merits, and not cases dismissed as a result of a lack of jurisdiction; and (4) Waller County is immune from liability.

## Trial Court's Authority to Comply with Mandate

In its first issue, Waller County contends that the trial court lacked jurisdiction to enter a judgment for attorney's fees and sanctions because our judgment, opinion, and mandate in *Holcomb I* were void due to Holcomb's untimely filing of his notice of appeal. In its second issue, Waller County disputes our interpretation of the TCPA and argues that a declaratory-judgment action is not a "legal action" under Chapter 27. In its third issue, Waller County complains that attorney's fees and sanctions

may be awarded under the TCPA when a case has been dismissed on the merits but not for a dismissal based on lack of jurisdiction.

Although Waller County frames its appellate issue as a challenge to the trial court's order after remand, in reality it is a collateral attack on this Court's judgment in *Holcomb I*. "[T]he question before the Court is whether there remains a live controversy such that this appeal should continue." *Matter of Estate of Abraham*, No. 08-19-00231-CV, 2020 WL 4034985, at *2 (Tex. App.—El Paso July 17, 2020, no pet.) (mem. op.). We hold that no live controversy exists because our plenary power over our judgment in the *Holcomb I* appeal expired before Waller County filed this appeal. *See* TEX. R. APP. 19.1(a) (plenary power over judgment expires "60 days after judgment if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending"); TEX. GOV'T CODE § 22.225(a) ("A judgment of a court of appeals is conclusive on the facts of the case in all civil cases.").

When the Texas Supreme Court denied Waller's County's petition for discretionary review in August 2018, we in turn issued our mandate within the time prescribed in the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 18.1(a)(2) (requiring issuance of appellate court's mandate 10 days after Texas Supreme Court refuses or dismisses petition for discretionary review); TEX. R. APP. P. 19.3(b) (listing issuing mandate as one limited action appellate court may take after

expiration of plenary power). Accordingly, we lack jurisdiction to evaluate the merits of Waller County's first, second, and third issues because our judgment was final by the time Waller County filed this second appeal. *Wise Elec. Coop., Inc. v. Am. Hat Co.*, 476 S.W.3d 671, 679 (Tex. App.—Fort Worth 2015, no pet.) (concluding trial court lacked jurisdiction over claims attacking prior judgment of appellate court after Texas Supreme Court had denied petition for review, appellate court had issued mandate, and case had been remanded to trial court and retried); *Abraham*, 2020 WL 4034985, at *2 (noting appellate court's final judgment where Texas Supreme Court denied petitions for discretionary review in two separate appeals).

Because Waller County did not raise its first, second, or third issues before this Court's mandate issued, the only remaining issue is whether the trial court complied with this Court's mandate in *Holcomb I.*

## A.    Standard of review

The mandate is the "official notice" from the appellate court to the court below. *Min v. H & S Crane Sales, Inc.*, 472 S.W.3d 773, 778 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The mandate advises the trial court of the appellate court's action and directs the trial court to have the appellate court's judgment recognized, obeyed, and executed. *See Saudi v. Brieven*, 176 S.W.3d 108, 116 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).On remand, the trial court "has no

5

authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *see* TEX. R. APP. P. 51.1(b).

On remand, a trial court has a ministerial duty to observe and carry out the appellate court's mandate. *Harris Cnty. Children's Protective Servs. v. Olvera*, 971 S.W.2d 172, 175–76 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (op. on reh'g) (citing *Myers v. Myers*, 515 S.W.2d 334, 335 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ dism'd)). Trial courts must do the best they can to follow the directives in the mandate. *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 691 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (en banc). A trial court abuses its discretion when it does not. *Id.* at 685. A trial court abuses its discretion if "it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020).

## B.   Analysis

Our mandate in *Holcomb I* stated:

> This case is an appeal from the final judgment signed by the trial court on November 28, 2016. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that there was reversible error in the trial court's judgment in the following respects: the trial court erred in granting a declaratory judgment in favor of Waller County and in denying Terry Holcomb, Sr.'s motion to dismiss Waller County's declaratory judgment action pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.

> Accordingly, the Court **reverses** the trial court's judgment and **remands** the case to the trial court for further proceedings consistent with our opinion.

Our opinion instructed the trial court to "dismiss the County's suit for lack of subject-matter jurisdiction after holding further proceedings for the limited purpose of awarding Holcomb his court costs, reasonable attorney's fees, other expenses incurred in defending against the action as are equitable and just, and any other relief available under the [TCPA]." *Holcomb I*, 546 S.W.3d at 840. The trial conducted a hearing and reviewed the evidence, the applicable law, and the pleadings in the record. The trial court awarded over $70,000 in attorney's fees to Holcomb, imposed $25,000 in sanctions against Waller County, and dismissed the case with prejudice.

We conclude that the trial court carried out the ministerial duty of addressing the request for attorney's fees and sanctions because this issue was remanded to the trial court when we reversed the trial court's summary judgment against Holcomb. *See Holcomb I*, 546 S.W.3d at 840. The trial court also carried out the ministerial duty of dismissing the case under the TCPA. As a result, the trial court did not abuse its discretion because it complied with our mandate and had jurisdiction over Holcomb's claim for attorney's fees and sanctions. *See Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 541 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (noting trial court did not abuse its discretion by complying with appellate court's mandate on remand); *Madeksho*, 112 S.W.3d at 691 ("[T]rial judges must do

7

the best they can to interpret what we have said and follow it. By attempting to settle the claims to attorneys' fees here, the trial judge did nothing more than that.").

Waller County's final issue is that it cannot be liable to Holcomb for attorney's fees and sanctions under the TCPA because it is immune from liability. "Immunity from liability . . . must be pleaded, or else it is waived." *Kinnear v. Tex. Comm'n on Human Rights ex rel. Hale*, 14 S.W.3d 299, 300 (Tex. 2000). After carefully reviewing the record, we conclude that Waller County addressed sovereign immunity in its responsive pleadings to Holcomb's plea to the jurisdiction and TCPA motion. But the Texas Supreme Court has previously acknowledged that sovereign immunity does not shield a government entity from claims for attorney's fees under the TCPA. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 19 (Tex. 2018). Sovereign immunity does not preclude Waller County's liability for Holcomb's attorney's fees and sanctions. We overrule the County's appellate issues.

**Conclusion**

We affirm the trial court's judgment.


Sarah Beth Landau
Justice


Panel consists of Justices Keyes, Lloyd, and Landau.

8