**Opinion issued March 15, 2018**



In The

# Court of Appeals

### For The

## First District of Texas

_____

### NO. 01-16-01005-CV

_____

## TERRY HOLCOMB, SR., Appellant

## V.

## WALLER COUNTY, TEXAS, Appellee

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 16-07-23803**

## O P I N I O N

This declaratory-judgment action arises from a dispute between Waller County and Terry Holcomb, Sr. as to whether the County may bar holders of concealed-handgun licenses, like Holcomb, from entering the Waller County Courthouse with a handgun, and whether signage purporting to do so violates

Section 411.209(a) of the Government Code. The County obtained a declaratory judgment that its signage does not violate Section 411.209(a), and Holcomb appeals. We reverse the trial court's judgment and remand the case to the district court with instructions to dismiss the County's suit for lack of subject-matter jurisdiction after it holds further proceedings for the limited purpose of awarding to Holcomb his court costs, reasonable attorney's fees, other expenses incurred in defending against the action as are equitable and just, and any other relief available under the Texas Citizens Participation Act.

## Background

Holders of a concealed-handgun license commit a misdemeanor offense if they carry concealed handguns onto the property of an owner who has posted notice barring firearms from the premises. TEX. PENAL CODE § 30.06(a)–(d). Unlike private property owners, however, the government may not prohibit these armed license holders from entering onto property it owns or leases, unless Sections 46.03 or 46.035 of the Penal Code criminalize the carrying of concealed handguns at the particular location in question. *See id.* § 30.06(e). Section 46.03 makes it a third-degree felony for anyone, including concealed-handgun license holders, to carry a concealed handgun on "the premises of any government court or offices utilized by the court." *Id.* § 46.03(a)(3), (f)–(g). "Premises" means "a building or a portion of a building." *Id.* §§ 46.03(c)(2), 46.035(f)(3).

2

In 2015, the Legislature enacted Section 411.209 of the Government Code, which forbids state agencies and political subdivisions from posting notices barring entry to armed concealed-handgun license holders unless such entry is prohibited by Sections 46.03 or 46.035 of the Penal Code. TEX. GOV'T CODE § 411.209(a). A citizen may complain to the Attorney General about a violation of this statute, provided that he first gives written notice of the violation to the agency or political subdivision and it is unresponsive. *Id.* § 411.209(d). The Attorney General in turn must investigate any complaint it receives and determine whether legal action is warranted. *Id.* § 411.209(f). If so, after providing notice and an opportunity to cure the violation, the Attorney General or the appropriate county or district attorney may file suit or seek a writ of mandamus in Travis County or in the county of the agency's or political subdivision's principal office to assess a civil penalty. *See id.* § 411.209(b)–(c), (e)–(g). The Attorney General may recover its attorney's fees and other expenses, and the agency's or subdivision's sovereign immunity is waived and abolished to the extent of any liability. *Id.* § 411.209(g)–(h).

In its interpretation of these provisions, the Attorney General has opined that, when buildings house both courts and other governmental offices, state agencies and political subdivisions may prohibit armed concealed-handgun license holders from entering only those portions of the premises occupied by courtrooms and offices used in the operation of the courts, but not the entire building. *See* Tex. Att'y Gen.

3

Op. Nos. KP-0049 at 4–5 (2015), KP-0047 at 5 (2015). The Waller County Courthouse includes courtrooms and offices used in the operation of these courts, but it also houses the county auditor's, treasurer's, elections, and veteran services offices. The County has posted notices that state in capital letters:

> Pursuant to Texas Penal Code Section 46.03(a)(3), a person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with a firearm, illegal knife, club, or prohibited weapon listed in Section 46.05(a) on the premises of any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court. Violators may be charged with a third degree felony.

Terry Holcomb, Sr. sent a letter to Waller County in which he contended that its signage barring entry to armed concealed-handgun license holders violates Section 411.209(a). The County then filed this declaratory-judgment action in the Waller County district court. It sought a declaration that Section 46.03(a)(3) of the Penal Code prohibits the carrying of firearms throughout the entire courthouse and that the courthouse's signage therefore does not violate Section 411.209(a) of the Government Code. The County also sought to recover its costs and attorney's fees from Holcomb.

Holcomb filed a plea to the trial court's jurisdiction, contending that there was not a justiciable controversy between him and the County and that the scope of Section 46.03(a)(3) could only be adjudicated in a criminal proceeding. He also moved to dismiss the County's suit based on the Texas Citizens Participation Act.

4

*See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.[1] The County moved for summary judgment.

The trial court denied Holcomb's jurisdictional plea and dismissal motion and granted the County's request for declaratory relief. It made findings of fact and conclusions of law, including the following:

- "This Court has jurisdiction to hear this matter under the Uniform Declaratory Judgments Act in Chapter 37 of the Texas Civil Practice and Remedies Code, and pursuant to its inherent powers in equity, and the relief sought is within the jurisdiction of this Court."

- "The legislative history of the provisions of § 46.03(a)(3) establishes as a matter of law that the phrase 'on the premises of a court or offices utilized by the court' means an entire courthouse or building housing a court."

- "The legislative history of the provisions of § 46.03(a)(3), as well as the plain language of the statute itself, establishes as a matter of law that prohibiting handguns from being brought into a courthouse or building housing a court or court offices was the purpose of the law."

- "Penal Code § 46.03(a)(3) prohibits all firearms and other weapons in the entire government building that houses a court."

- "Penal Code § 46.03(a)(3) prohibits an individual from carrying firearms and other prohibited weapons throughout the entire building of the Waller County Courthouse, it being a building that houses a court or court offices."

- "The signs at issue, including but not limited to those posted by Waller County, at the Waller County Courthouse, being a building that houses a court or court offices, do not violate Government Code § 411.209."

Holcomb appeals.

---

[1]  *See also* Act of May 18, 2011, 82nd Leg., R.S., ch. 341, § 1, 2011 Tex. Gen. Laws 961 (stating that "Act may be cited as the Citizens Participation Act").

**Lack of Subject-Matter Jurisdiction**

A court must assure itself that there is jurisdiction to hear a suit. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). Whether subject-matter jurisdiction exists is a question of law that we review de novo. *Id.*

The Uniform Declaratory Judgments Act is a procedural device for deciding cases within the trial court's jurisdiction. TEX. CIV. PRAC. & REM. CODE § 37.003(a); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015). The Act is not an independent grant of subject-matter jurisdiction. *Murphy*, 458 S.W.3d at 916.

Implicit in the concept of subject-matter jurisdiction is a requirement that the plaintiff have standing to pursue the asserted claims. *Linegar v. DLA Piper LLP (US)*, 495 S.W.3d 276, 279 (Tex. 2016). A plaintiff must be personally aggrieved to have standing. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707–08 (Tex. 2001). Its injury must be fairly traceable to the defendant's wrongful conduct and likely to be redressed by the requested relief. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154–56 (Tex. 2012). We begin our analysis by identifying the alleged wrong and deciding whether there was a causal connection between the defendant's actions and the injury caused by the alleged wrong. *Linegar*, 495 S.W.3d at 279.

Holcomb's letter to Waller County providing notice of an ostensible violation of Section 411.209(a) is the basis for the County's suit against him. As a matter of law, however, writing a letter to a political subdivision to complain about its

allegedly unlawful conduct is not a wrong that confers subject-matter jurisdiction on a court. Holcomb had a statutory right to notify the County of his contention that its courthouse signage violates the Government Code and request that the County cure this violation. TEX. GOV'T CODE § 411.209(d). Even in the absence of a statute, he had a constitutional right to "apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance." TEX. CONST. art. I, § 27. Waller County cannot ensnarl Holcomb in a declaratory-judgment action seeking a determination that its signage is lawful on the ground that Holcomb wrote a letter to the County saying otherwise. Holcomb's letter therefore does not constitute a redressable wrong. *See Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 211 (Tex. 1996).

Nor can the County fairly trace any injury to Holcomb's letter. While Holcomb had a right to write the County about an ostensible violation of Section 411.209(a) and complain to the Attorney General if the County failed to act, he could not have filed suit over the matter. *See* TEX. GOV'T CODE § 411.209(d). The Attorney General alone has the authority to investigate an alleged violation and decide if it merits further action. *Id.* § 411.209(f)–(g). Thus, any legal dispute over the lawfulness of the County's signage would be between the County and the Attorney General, not Holcomb. The County tacitly conceded as much in its petition for declaratory judgment, in which it contended that its prohibition of concealed

7

handguns from the entire courthouse was lawful and disputed the contrary interpretation of the law made by the Attorney General in his opinion letters. Holcomb is not a proper party to any lawsuit concerning the County's disagreement with the Attorney General.[2] *See Heckman*, 369 S.W.3d at 155.

Waller County effectively sought and obtained a declaratory judgment in its favor as to its disagreement with the Attorney General without making him a party. Because only the Attorney General has the authority to decide whether a suit for violation of Section 411.209(a) is warranted, he was a necessary party and the judgment rendered in his absence was an impermissible advisory opinion. *See id.* at 147; *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004). A trial court has no subject-matter jurisdiction to declare the rights of a non-party. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004).

The County contends that the trial court's declaratory judgment is not advisory because it resolved a dispute between it and Holcomb as to whether it could prohibit him from carrying a concealed handgun in the entire courthouse. Even if we credited the County's contention that its dispute is with Holcomb, the trial court's declaration would remain advisory because it declares the law in the abstract without adjudicating Holcomb's rights in particular or binding him to do or refrain from

---

[2] The Attorney General has filed an enforcement action against Waller County. *See Ken Paxton, Tex. Att'y Gen. v. Waller Cty.*, No. D-1-GN-16-004091 (98th Dist. Ct., Travis Cty., Tex. filed Aug. 29, 2016).

doing anything. Abstract declarations of the law are a hallmark of an advisory opinion; a decision that does not actually bind the parties is merely advisory by definition. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

Thus, we hold that the trial court lacked subject-matter jurisdiction over the County's declaratory-judgment action. We sustain Holcomb's second issue.

## Citizens Participation Act

In the trial court, Holcomb sought dismissal, attorney's fees, and other relief under the Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. On appeal, he requests that we reverse the trial court's denial of his motion to dismiss under the Act and remand this cause to the trial court with instructions to conduct a hearing on his request for fees and other relief.

Lack of subject-matter jurisdiction generally bars a court from doing anything other than dismissing the suit. *See Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013); *State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994). When a court lacks jurisdiction over the claims asserted in a declaratory-judgment action, however, it still has the power to award attorney's fees. *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685–86 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (lack of jurisdiction over claim for declaratory judgment does not preclude fee award under the Declaratory Judgment Act); *Devon Energy Prod. Co. v. KCS Res., LLC*, 450

S.W.3d 203, 218–23 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same). A court likewise may impose sanctions when it lacks subject-matter jurisdiction. *See Thielmann v. Kethan*, 371 S.W.3d 286, 294–95 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (deciding whether sanctions were warranted under Rule 13 of Rules of Civil Procedure despite holding that trial court lacked jurisdiction); *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 788–94 (Tex. App.—Dallas 2012, pet. denied) (affirming imposition of sanctions under Section 11.161 of Education Code despite fact that trial court lacked jurisdiction). An award of court costs, reasonable attorney's fees, other defense expenses as justice and equity may require, and sanctions is mandatory when a defendant moves to dismiss an action under the Citizens Participation Act and prevails. TEX. CIV. PRAC. & REM. CODE § 27.009(a); *see Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016); *James v. Calkins*, 446 S.W.3d 135, 150 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Therefore, such an award is required if the trial court erred in failing to dismiss Waller County's suit under the Act. *See James*, 446 S.W.3d at 142–44 (nonsuits did not deprive court of jurisdiction to impose sanctions required by Act); *see also Am. Zurich Ins. Co. v. Samudio*, 317 S.W.3d 336, 350–51 (Tex. App.—Houston [1st Dist.] 2010) (dismissal for lack of jurisdiction does not prevent fee award under mandatory fee provision), *rev'd on other grounds*, 370 S.W.3d 363 (Tex. 2012); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 257–58 (Tex. App.—Dallas 2005, no pet.) (same).

This appeal requires us to interpret the Citizens Participation Act, and we review issues of statutory interpretation de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). We likewise review de novo a trial court's ruling on a motion to dismiss under the Act. *Jordan v. Hall*, 510 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

The Act allows a party to seek dismissal of certain types of claims filed against him unless his adversary presents prima facie proof of each element of these claims. TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b)–(c). Among the claims subject to dismissal are those filed in response to a party's exercise of his right to petition, which includes any communication reasonably likely to encourage consideration or review of an issue by a governmental body or that otherwise falls within a citizen's protected right to petition the government. *Id.* §§ 27.001(4)(C), (E), 27.005(b)(2); *see Jardin v. Marklund*, 431 S.W.3d 765, 769–70 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (Act provides procedural mechanism for early dismissal of suits that infringe right to petition).

Waller County filed its declaratory-judgment action against Holcomb in response to his letter to the County complaining about its courthouse signage. The trial court denied Holcomb's motion to dismiss under the Act on the basis that his letter was "a demand for action; not mere words evidencing a right to complain." In doing so, the trial court erred. Holcomb exercised his right to write the County under

11

Section 411.209, which implicitly contemplates that citizens may request that political subdivisions "cure the violation" about which the citizens complain. *See* TEX. GOV'T CODE § 411.209(d). The constitutional right to petition likewise guarantees the right to seek "redress of grievances." TEX. CONST. art. I, § 27. Thus, there is no basis in law for any distinction between petitions that merely complain and those that demand action; the right to petition, and the Citizens Participation Act's protection of that right, applies regardless of whether the petition contains an explicit demand that the government act on it. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001(4)(C), (E), 27.005(b)(2).

Waller County contends that the trial court properly denied Holcomb's motion to dismiss because the County established by clear and specific evidence a prima case for each element of its declaratory-judgment claim. *See id.* § 27.005(c). As we have held, however, the County did not have standing to bring suit against Holcomb; therefore, it lacked a cognizable claim for which it could establish a prima facie case.

Thus, the trial court erred in denying Holcomb's motion to dismiss the County's suit under the Citizens Participation Act. We sustain Holcomb's first issue.

**Conclusion**

The trial court lacked subject-matter jurisdiction to hear Waller County's declaratory-judgment action, and we therefore reverse the summary judgment that the trial court rendered in Waller County's favor. We remand the case to the district

12

court with instructions to dismiss the County's suit for lack of subject-matter jurisdiction after holding further proceedings for the limited purpose of awarding Holcomb his court costs, reasonable attorney's fees, other expenses incurred in defending against the action as are equitable and just, and any other relief available under the Citizens Participation Act. *See Bedford v. Spassoff*, 520 S.W.3d 901, 906 (Tex. 2017) (per curiam) (reversing judgment as to libel claim and remanding to trial court with instructions to dismiss libel claim and award attorney's fees under Act); *Schimmel v. McGregor*, 438 S.W.3d 847, 862 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (proper disposition when trial court errs in denying dismissal under Act is reversal and remand for Section 27.009(a) award followed by dismissal).

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Jennings, J., concurring in part and dissenting in part.