# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00597-CV

---

**Crystal Elizabeth De La Torre, Appellant**

**v.**

**Armando De La Torre, Jr., Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
NO. 18-3333-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING**

---

## DISSENTING OPINION

In the underlying divorce proceedings, Armando added a claim against Crystal under section 261.107 of the Texas Family Code, Crystal moved to dismiss that claim and requested attorney's fees and sanctions under the TCPA, Armando nonsuited the section 261.107 claim, Crystal's TCPA motion was denied, and Crystal now appeals from that denial.[1] A TCPA movant is entitled to attorney's fees and sanctions "if the court orders dismissal of a legal action under this chapter." Tex. Civ. Prac. & Rem. Code § 27.009(a). And a request for attorney's fees and sanctions survives a nonsuit. *See* Tex. R. Civ. P. 162; *Hawxhurst v. Austin's Boat Tours*, 550 S.W.3d 220, 231 n.4 (Tex. App.—Austin 2018, no pet.). Thus, the primary issue on appeal is whether Crystal would have been entitled to dismissal of Armando's section 261.107 claim "under this chapter"—the TCPA—had Armando not nonsuited the claim. If so, Crystal may be

---

[1] Because the parties share the same last name, I refer to them by their first names.

entitled to attorney's fees and sanctions under the TCPA, and this Court should reverse the denial and remand for further proceedings. If not, this Court should affirm the denial.

The Court concludes that Crystal was entitled to dismissal of Armando's section 261.107 claim under the TCPA, holding that the TCPA applies, that Armando lacked standing to bring that claim because section 261.107 does not create a private cause of action and its enforcement is the responsibility of the county prosecuting attorney, and that "because Armando cannot establish standing, he cannot satisfy his burden [under the TCPA] to make out a prima facie case for each element of his claim." I agree with the Court that Armando lacked standing to bring his section 261.107 claim. *See* Tex. Fam. Code § 261.107(c), (e). Thus, the trial court lacked subject matter jurisdiction over Armando's claim. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it.").

That should end this Court's inquiry. *See Finance Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007))). If the trial court did not have subject matter jurisdiction over the section 261.107 claim, the claim should have been dismissed for want of jurisdiction, not "under this chapter" (the TCPA), had it not been nonsuited. *See American Motorists Ins. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001) ("If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed."). Because Crystal would have been entitled to a dismissal of

Armando's section 261.107 claim for lack of jurisdiction, not "under this chapter" (the TCPA), I respectfully dissent and instead would affirm the denial of her TCPA motion.[2]

To dismiss a claim "under this chapter," the TCPA requires that the court consider whether "the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). If so, "[t]he court may not dismiss a legal action under this section." *Id.* The Court, however, expressly declines to evaluate the required inquiry, stating that "we need not consider the presence or absence of the statutory elements of the claim in question because Armando's claim lacks an equally fundamental component of a prima facie case: standing." But nowhere does the TCPA authorize dismissal "under this chapter" for lack of what the Court calls an "equally fundamental component of a prima facie case." *See id.* §§ 27.001–.011. Nor is standing an "essential element of the claim," as the Court recognizes by instead describing it as "an equally fundamental component." "Standing is a threshold requirement to maintaining a lawsuit," *Farmers Tex. Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020), not a constituent part of a claim, *see, e.g.*, *Element*, *Black's Law Dictionary* (11th ed. 2019) ("A constituent part of a claim that must be proved for the claim to succeed.").

The TCPA requires a "threshold testing of potential merit," *Cavin v. Abbott*, 545 S.W.3d 47, 55 (Tex. App.—Austin 2017, no pet.), as to whether the claimant's evidence established "a prima facie case for each essential element of the claim," Tex. Civ. Prac. & Rem.

---

[2] I would affirm rather than vacate the denial of the TCPA motion because the only determination necessary to deny the TCPA motion as it relates to Crystal's request for attorney's fees and sanctions is a jurisdictional determination that Armando's claim should have been dismissed for lack of jurisdiction rather than "under this chapter" (the TCPA) had it not been nonsuited, and "[c]ourts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 152 (Tex. 2007).

3

Code § 27.005(c), to dismiss a claim "under this chapter" as a predicate for awarding fees and sanctions, *id.* § 27.009(a). Thus, a decision that Armando's claim should have been dismissed under the TCPA effectively asserts jurisdiction over that claim—even though, as the Court acknowledges, standing is lacking—by making a threshold potential merit determination, thereby offending fundamental principles of separation of powers. *See Inman*, 252 S.W.3d at 307 ("[T]he denial of a claim on the merits is not an alternative to dismissal for want of jurisdiction merely because the ultimate result is the same because the assertion of jurisdiction 'carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))).

The Court asserts that to require as a predicate for awarding fees and sanctions that a legal action be dismissed under this chapter (the TCPA) "is inconsistent with decades of authority allowing sanctions as a remedy for an opposing litigant's frivolous pursuit of jurisdictionally defective claims." But that is exactly what the TCPA requires. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a) (authorizing award of fees and sanctions "if the court orders dismissal of a legal action under this chapter"). And this appeal does not concern a trial court's exercise of its inherent authority to award sanctions or authority under other statutes that, in contrast to the TCPA, do not require dismissal based upon an evaluation of the merits under that statute as a predicate for awarding sanctions.

My analysis in this separate writing is consistent with most of our sister courts that have considered this issue. *See Johnson v. Johnson*, No. 04-19-00500-CV, 2020 WL 214762, at *4 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.) (concluding that "the probate court lacked jurisdiction to dismiss the tort case under the TCPA and to award Chandler and

4

Mary attorney's fees, sanctions, and court costs under that statute."); *Houston Forensic Sci. Ctr., Inc. v. Barette*, No. 01-19-00129-CV, 2019 WL 5792194, at *3 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) ("However, because the trial court lacked jurisdiction to consider the TCPA motion to dismiss a claim over which it lacked jurisdiction, we conclude that the order denying the motion to dismiss was void."); *Shankles v. Gordon*, No. 05-16-00863-CV, 2018 WL 4100030, at *14 (Tex. App.—Dallas Aug. 27, 2018, no pet.) (mem. op.) (concluding that "section 27.009(a)(1) does not provide for an award of attorneys' fees . . . when Shankles's claims . . . are dismissed for lack of subject-matter jurisdiction"); *see also Holcomb v. Waller County*, 546 S.W.3d 833, 841–42 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (Jennings, J., concurring and dissenting) ("Because the issue of subject-matter jurisdiction is dispositive, the majority errs in addressing Holcomb's first issue, relating to the merits of the case, after concluding that the trial court lacked subject-matter jurisdiction over the case. . . . Here, because the trial court lacked jurisdiction to hear Waller County's declaratory-judgment action, we are precluded from any consideration of Holcomb's motion to dismiss, concerning the merits of the case, and for sanctions and attorney's fees under the TCPA."); *but see Holcomb*, 546 S.W.3d at 840 (remanding case with instructions to dismiss suit for lack of subject matter jurisdiction after holding further proceeding to award costs and fees under TCPA). Consistent with these authorities, I would affirm the denial of Crystal's TCPA motion. The trial court lacked subject matter jurisdiction over Armando's nonsuited section 261.107 claim, and therefore Crystal would not have been entitled to dismissal of that claim under the TCPA. Accordingly, I respectfully dissent.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Smith

Filed:   October 9, 2020