# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00597-CV

---

**Crystal Elizabeth De La Torre, Appellant**

**v.**

**Armando De La Torre, Jr., Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 18-3333-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING

---

### O P I N I O N

Crystal Elizabeth de la Torre appeals from the denial of her motion to dismiss a counterclaim and related allegations raised by her estranged husband Armando de la Torre, Jr. *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011 ("Texas Citizens Participation Act" (TCPA)).[1] We will reverse the denial and remand for further proceedings.

---

[1] The TCPA was amended in the 2019 legislative session, but those amendments do not apply to this lawsuit, which was filed before the amendments' effective date. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (amendments to TCPA apply "only to an action filed on or after" September 1, 2019). All citations are to the version of the statute as it read before those amendments.

## BACKGROUND

Crystal filed a petition for divorce from Armando in 2018.[2]  In 2019, Armando filed a counterpetition for divorce and then a first amended counterpetition.  Armando's first amended counterpetition alleged, inter alia, that Crystal had "knowingly made a false and/or frivolous report [of child abuse] to Child Protective Services."  Armando asked the court to order the Attorney General to "access [sic] a civil penalty of $1000.00" against Crystal pursuant to Chapter 261 of the Family Code, *see* Tex. Fam. Code § 261.107 ("False Report; Criminal Penalty; Civil Penalty"), and asked for an award of attorney's fees, *see id.* § 261.107(d) (allowing award of attorney's fees to person falsely accused).  He also asked the trial court to consider Crystal's "false allegations of criminal assault that the Williamson County Attorney's Office declined to prosecute" when deciding the questions of possession of and access to their children.

Crystal filed a TCPA motion to dismiss the Section 261.107 claim and the allegations of a false police report.  Armando did not file a response but filed a second amended counterpetition redacting the claim and allegations challenged in Crystal's TCPA motion.  The trial court held a hearing on August 8, 2019, but did not issue an order disposing of the motion, explaining, "I'm not ruling on the merits of the motion" because "I just don't think [the TCPA] applies in the context of a divorce case."  The court continued, "If you want to really appeal this one issue right before our [final] hearing, that's up to you."  Crystal filed notice of appeal on August 28, 2019, and argues that her motion was wrongfully denied either orally at the hearing or otherwise by operation of law.  Armando has not filed a brief in response to Crystal's arguments.

---

[2] Because the parties share a surname, we will refer to them using given names.

DISCUSSION

Crystal contends the trial court erred by declining to grant her motion to dismiss the Section 261.107 claim raised in Armando's first amended counterpetition. "The [TCPA] protects citizens who [associate,] petition[,] or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). That protection comes in the form of a motion to dismiss, subject to expedited review, for "any [claim] that appears to stifle the defendant's" exercise of those rights. *See id.* Reviewing a TCPA motion to dismiss requires a three-step analysis. As a threshold matter, the movant must show by a preponderance of the evidence that the TCPA properly applies to the claim or claims challenged in the motion to dismiss. Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets that burden, the nonmovant must establish by clear and specific evidence a prima facie case for each essential element of each challenged claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to prove each essential element of any applicable defense by a preponderance of the evidence. *Id.* § 27.005(d). If the nonmovant fails to carry her burden—or if the movant establishes the essential elements of a defense under section 27.005(d)—the trial court must dismiss the claim. *Id.* § 27.005(b)–(d). We review whether each litigant has satisfied his or her burden de novo. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.).

**Crystal's Notice of Appeal**

As an initial inquiry, we must verify our jurisdiction over this dispute. Ours is a court of limited jurisdiction. *See* Tex. Const. art. V, § 6(a); *Branch Law Firm L.L.P. v. Osborn*, 532 S.W.3d 1, 10 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Our jurisdiction is

invoked by a timely filed notice of appeal of an appealable judgment or order. *See* Tex. R. App. P. 25.1. Interlocutory orders are appealable only if made appealable by statute and only to the extent jurisdiction is conferred by statute. *See Osborn*, 532 S.W.3d at 10 (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding)).

As relevant to this appeal, Section 27.008(a) of the Civil Practice and Remedies Code provides, "If a court does not rule on a motion to dismiss [under the TCPA] in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal." *See* Tex. Civ. Prac. & Rem. Code § 27.008(a). Section 27.005 requires the court to rule on the motion to dismiss "not later than the 30th day following the date of the hearing on the motion." *See id.* § 27.005. Regardless of whether the motion is denied by the trial court or by operation of law, a party desiring to appeal must do so within twenty days of the denial. *See id.* § 51.014(a)(12)–(b) (designating appeal from TCPA denial as "accelerated"); Tex. R. App. P. 26.1(b) (requiring notice of accelerated appeal to be filed within twenty days).

In this case, Crystal filed her notice of appeal on August 29, 2019. Our review of the record reveals that the motion had not been disposed of by that date. Her notice was therefore premature. Nevertheless, "[i]n a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." Tex. R. App. P. 27.1(a). To determine "the event that beg[an] the period for perfecting the appeal," we asked the trial court to provide a supplemental record indicating what transpired after Crystal filed her notice of appeal. That record reveals that the trial court never issued an order disposing of the motion and that Crystal's motion was therefore denied by operation of law thirty days after the hearing. *See* Tex. Civ. Prac. & Rem. Code § 27.008.

4

Pursuant to Rule 27.1, we will deem Crystal's appeal as timely filed on the date the motion was denied by operation of law. Because Crystal timely perfected her appeal, we may exercise jurisdiction over the dispute.

**Armando's Abandonment of the Claim and Allegations**

We next consider the effect of Armando's decision to abandon the claim and allegations that served as the basis for Crystal's motion. The nonsuit of claims challenged in a TCPA motion to dismiss does not "entirely moot" the TCPA motion because the movant may "continue to pursue [her] requests for attorney's fees incurred in defending those claims prior to their voluntary dismissal, as well as for the sanctions the Act would prescribe." *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 293 (Tex. App.—Austin 2018, pet. denied). But whether Crystal is entitled to the attorney's fees and sanctions depends on the outcome of the TCPA's burden-shifting process. *See* Tex. Civ. Prac. & Rem. Code §§ 27.005 (describing burden-shifting process), .009(a) (requiring award of attorney's fees, court costs, and other expenses if legal action is subject to dismissal under TCPA); *Amini v. Spicewood Springs Animal Hosp., LLC*, No. 03-18-00272-CV, 2019 WL 5793115, at \*5–6 (Tex. App.—Austin Nov. 7, 2019, no pet.) (mem. op.) (applying burden-shifting process to abandoned claims after holding that nonmovant's abandonment of claims did not bar movant from seeking TCPA remedies as to those claims). In this case, Crystal expressly sought fees and sanctions under the TCPA, and we will therefore proceed to the statutory analysis of Armando's Section 261.107 claim.[3]

---

[3] Because we ultimately conclude that Crystal is entitled to TCPA remedies on the basis of Armando's Section 261.107 claim, we do not undertake a TCPA burden-shifting analysis of the allegations of a false police report. *See* Tex. R. App. P. 47.1.

5

**Applicability**

We now turn to Crystal's threshold burden to demonstrate that the TCPA applies to Armando's claim. The TCPA applies if the nonmovant's claim constitutes a "legal action" and "is based on, relates to, or is in response to the [moving] party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association," as those phrases are defined in the TCPA. Tex. Civ. Prac. & Rem. Code § 27.005. Crystal contends that Armando's legal action is based on her exercise of the right to free speech and her exercise of the right to petition. We will begin with the exercise of the right to free speech.

The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "communication" is "the making or submitting of a statement or document in any form or medium," *id*. § 27.001(1), and "matters of public concern" include issues related to "health or safety" and "community well-being," *id*. § 27.001(3). In this case, the communication in question involves the welfare of a child and allegations of child abuse. These are matters of health, safety, and community well-being. *See, e.g.*, *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 797 (Tex. App.—Austin 2017, pet. granted) (individual safety), *aff'd*, ___ S.W.3d ____, ____, No. 18-0068, 2020 WL 2315280 (Tex. May 8, 2020); *Pickens v. Cordia*, 433 S.W.3d 179, 181–82 (Tex. App.—Dallas 2014, no pet.) (child abuse), *disapproved of on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017); *Cavin v. Abbott*, 545 S.W.3d 47, 64 (Tex. App.—Austin 2017, no pet.) (domestic assault); *Fishman v. C.O.D. Cap. Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *6 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.) (criminal activity). Accordingly, Crystal has satisfied her burden to show the statute applicable to

6

Armando's claim, and we need not consider whether that claim is based on her exercise of the right to petition.

**Prima Facie Case**

Having determined that Crystal satisfied her burden to show that the TCPA applies to the Section 261.107 claim, we must consider whether Armando satisfied his burden to "establish by clear and specific evidence a prima facie case for each essential element of" that claim. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). "The elements of [a Section 261.107 violation] are: (1) a person; (2) with intent to deceive; (3) knowingly makes a Chapter 261 report; (4) that is false." *Riley v. State*, No. 14-12-00729-CR, 2014 WL 1481317, at *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, pet. ref'd) (mem. op.) (citing Tex. Fam. Code § 261.107). Armando's Section 261.107 claim reads:

> On or about February 7, 2019, Counterrespondent CRYSTAL ELIZABETH DE LA TORRE, with the intent to deceive and influence this case, knowingly made a false and/or frivolous report to Child Protective Services. Accordingly, under Chapter 261 of the Texas Family Code, Counterpetitioner ARMANDO DE LA TORRE, JR. requests attorney fees and that the Attorney General access a civil penalty of $1,000.00 against Counterrespondent.

In this case we need not consider the presence or absence of the statutory elements of the claim in question because Armando's claim lacks an equally fundamental component of a prima facie case: standing. *See Holcomb v. Waller County*, 546 S.W.3d 833, 840 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (reversing denial of TCPA motion to dismiss after holding that nonmovant could not make out prima facie case in absence of standing to pursue claim). As our sister court explained, "[S]ections 261.101 and 261.107 of the Texas Family Code . . . do not create private causes of action; rather, their enforcement is the responsibility of the 'appropriate

7

county prosecuting attorney.'" *Colt v. Hamner*, No. 05-04-00294-CV, 2005 WL 834098, at *2 (Tex. App.—Dallas Apr. 12, 2005, no pet.) (mem. op.) (quoting Tex. Fam. Code §§ 261.101, 107(c), .109). Armando has identified no authority allowing him to bring an action under Section 261.107 of the Family Code. Nor have we found any. Thus, because Armando cannot establish standing, he cannot satisfy his burden to make out a prima facie case for each element of his claim. As a consequence, the trial court should have granted Crystal's motion. *See* Tex. Civ. Prac. & Rem. Code § 27.005. We therefore need not consider whether Crystal established any defense to Armando's claim, and we sustain Crystal's issue on appeal, reverse the denial of her motion, and remand for consideration of her request for fees and sanctions.

**Crystal's Entitlement to Fees and Sanctions**

The dissent would affirm the denial of Crystal's motion to dismiss, reasoning that because the trial court lacked jurisdiction over the object of that motion, the trial court also lacked jurisdiction to award fees or sanctions under the relevant provisions of the TCPA. *See post* at ___ ("The trial court lacked subject matter jurisdiction over Armando's nonsuited section 261.107 claim, and therefore Crystal would not have been entitled to dismissal of that claim under the TCPA."). In support, the dissent offers recent opinions from three of our sister courts—the first, fourth, and fifth—that have drawn similar conclusions. *See Johnson v. Johnson*, No. 04-19-00500-CV, 2020 WL 214762, at *4 (Tex. App.—San Antonio Jan. 15, 2020, no pet.) (mem. op.); *Houston Forensic Sci. Ctr., Inc. v. Barette*, No. 01-19-00129-CV, 2019 WL 5792194, at *3 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.); *Shankles v. Gordon*, No. 05-16-00863-CV, 2018 WL 4100030, at *14 (Tex. App.—Dallas

8

Aug. 27, 2018, no pet.) (mem. op.). We respectfully disagree with the dissent and with our sister courts, as the statute provides no support for the construction.

We begin with the statutory text, striving to give effect to the Legislature's intent by looking to the language used as the truest indicator of that intent. *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). The TCPA provides that any "party may file a motion to dismiss [a] legal action" if that action "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). A "legal action" is defined as any "judicial pleading or filing that requests legal or equitable relief," including "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim." *See id.* § 27.001(6). The Supreme Court has recognized the sweeping breadth of this definition, describing it as encompassing "any 'procedural vehicle for the vindication of a legal claim.'" *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 9 (Tex. 2018) (quoting *Paulsen v. Yarrell*, 537 S.W.3d 224, 233 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)).

In his first amended counterpetition for divorce, Armando sought relief under Section 261.107 of the Family Code, alleging that Crystal had made a false report of child abuse to certain authorities. To redress that alleged wrong, Armando asked the trial court to afford him the remedies available under the statute, including fees and sanctions. *See* Tex. Fam. Code § 261.107(d), (e). Thus, because his counterclaim includes what is undeniably a "request for legal or equitable relief," it is therefore a "legal action" in the sense that the Legislature contemplated. *See Harper*, 562 S.W.3d at 9 (holding that "legal action" includes requests for remedies afforded by statute). That being the case, the statute imbues Crystal with an opportunity to demonstrate that Armando's counterclaim "is based on or is in response to a

9

party's exercise of the right of free speech, right to petition, or right of association," and thereby seek dismissal of the counterclaim. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). Moreover, the statute requires the court to award fees and sanctions should Crystal succeed and obtain that dismissal. *See id*. § 27.009(a). And although we need not look outside the text already considered to draw this conclusion, we note that our construction facilitates the TCPA's purpose, "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *See id*. § 27.002.

By construing "legal action" as reaching only those filings and pleadings *over which the court has jurisdiction*, the dissent and our sister courts introduce a predicate inquiry that does not appear anywhere in the statutory text. We have no authority to engraft such an exception into the otherwise straightforward language of the statute. *See Gifford-Hill & Co. v. Wise Cty. Appraisal Dist.*, 827 S.W.2d 811, 823 (Tex. 1991) (op. on reh'g). Moreover, such an exception is inconsistent with decades of authority allowing sanctions as a remedy for an opposing litigant's frivolous pursuit of jurisdictionally defective claims. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 94 (Tex. 2009) (holding that trial court could have timely awarded sanctions to defendant, notwithstanding its lack of jurisdiction over bankruptcy issues, because request for sanctions was governed by state statute—not by any statute whose jurisdiction is vested exclusively in federal court); *Blackburne & Brown Mortg. Fund I v. Atmos Energy Corp.*, No. 2-06-393-CV, 2007 WL 3408653, at *8 (Tex. App.—Fort Worth Nov. 15, 2007, pet. denied) (mem. op.) (holding sanctions for frivolous pleadings "appropriate" because, inter alia, plaintiff "lack[ed] standing to sue and recover for the alleged damage to the

10

property"); *In re L.K.(W.)G.*, No. 06-06-00073-CV, 2007 WL 286530, at *3 (Tex. App.—Texarkana Feb. 2, 2007, no pet.) (mem. op). (affirming award of sanctions "for [plaintiff's] frivolous filing of a lawsuit in which he clearly had no standing"); *Cranberg v. Wilson*, No. 03-03-00389-CV, 2004 WL 101794, at *3 (Tex. App.—Austin Jan. 23, 2004, no pet.) (mem. op.) (proceeding to Rule 45 sanctions analysis where plaintiff "admitted"—and both trial and appellate court agreed—"that he lacked standing" to bring suit and therefore could not prevail on appeal); *Bradt v. Sebek*, 14 S.W.3d 756, 769 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (affirming sanctions award against litigant and his attorneys where trial court had "found the RICO claim was groundless because [litigant] lacked standing" to pursue it), *cert. denied*, 532 U.S. 905. We hold that the TCPA, like the statutes and rules governing the awards at issue in those cases, authorizes an award of fees and sanctions where a litigant successfully challenges a legal action on jurisdictional grounds. For that reason, we will remand the matter so that Crystal may pursue that award.

## CONCLUSION

We reverse the denial of Crystal's motion and remand for further proceedings consistent with this opinion.

_____
Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith
  Dissenting Opinion by Justice Goodwin

Reversed and Remanded

Filed: October 9, 2020

11