Opinion issued March 23, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00097-CV

———————————

**ADIEL WHILLY TIEDJOP, GREGORY JETHUR NGUENANG, AND EILEEN ACUNA VELASQUEZ, Appellants**

**V.**

**THE VOLLEYBALL SCHOOL LLC, Appellee**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2021-47777**

---

### MEMORANDUM OPINION

Appellants—Adiel Whilly Tiedjop, Gregory Jethur Nguenang, and Eileen Acuna Velasquez—filed a motion under the Texas Citizens Participation Act (TCPA) to dismiss the breach-of-contract claims filed against them by appellee The

Volleyball School LLC. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.[1]

Appellants asserted that the TCPA required dismissal of the breach-of-contract claims because The Volleyball School had filed the claims "in response to" Appellants' right to petition. *See id.* § 27.005(b). The trial court signed an order denying the motion, and Appellants filed this interlocutory appeal challenging it.[2]

Because they did not demonstrate that the breach-of-contract claims were filed "in response to" their right to petition, Appellants failed to meet their threshold burden to show that the TCPA applied to those claims. Accordingly, the trial court did not err in denying Appellants' TCPA motion to dismiss, and we affirm the order.

## Background

On August 5, 2021, The Volleyball School filed suit against Appellants. In its original petition, The Volleyball School described itself as "a volleyball training company that offers unique training programs to volleyball players at every level of the game." It stated that it "has a unique business model" because it "was the first 'school' of its kind" to focus on the development of volleyball players "as opposed to [offering] league play" at volleyball clubs. The Volleyball School's "programs

---

[1]   In 2019, the Texas Legislature amended the TCPA. The amendments became effective September 1, 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11–12, 2019 Tex. Sess. Law Serv. 684, 687. Because this suit was filed after that date, all citations to the TCPA refer to the amended statute.

[2]   *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (permitting interlocutory appeal of order denying TCPA motion to dismiss).

2

were developed with countless hours of planning, development, and customer feedback." The Volleyball School started in 2017, and by 2019, it "had achieved monthly attendance of more than 1,000 students," possessing "an extensive customer list, including demographic data that allowed it to plan targeted expansion."

Appellants worked as coaches at The Volleyball School. The Volleyball School alleged that, through their positions with the school, Appellants had access to its customer list and "to the internal lesson plans behind The Volleyball School's unique services." The Volleyball School claimed that, while they were still working there, Appellants "began secretly plotting to start a competing school with the information developed by The Volleyball School."

The Volleyball School alleged that it had learned that Appellants were "launching" their own volleyball school named StepByStep Volleyball School, LLC. The Volleyball School asserted that StepByStep "appears to be a carbon copy of the business model that [Appellants] were given access to while they were coaching with The Volleyball School." It claimed that Appellants were "using The Volleyball School's customers lists and other confidential information." And it alleged that Appellants were "attempting to capitalize on the recognition The Volleyball Ball School ha[d] obtained in the Houston area by mirroring its logo,

selecting a similar name, and creating a deceptively similar website." The Volleyball School also included StepByStep as a defendant.[3]

In its original petition, The Volleyball School asserted common-law causes of action against Appellants for breach of fiduciary duty, unfair competition by misappropriation, and conspiracy. It also sued Appellants for violating the Texas Uniform Trade Secrets Act (TUTSA).[4] The Volleyball School sued StepByStep for unfair competition by misappropriation, conspiracy, and violating TUTSA.

On November 11, 2021, Appellants and StepByStep filed a motion for partial summary judgment regarding The Volleyball School's breach of fiduciary duty, unfair competition by misappropriation, and conspiracy causes of action. In the motion, Appellants and StepByStep asserted that those causes of action should be dismissed because they were preempted by TUTSA.

On December 6, 2021, The Volleyball School filed a response to the motion for partial summary judgment. That same day, it amended its petition, adding a breach-of-contract claim against each of the three Appellants (but not StepByStep). The Volleyball School alleged that it had separate contracts with Appellants Nguenang, Vasquez, and Tiedjop and that each contract contained a non-compete provision. More particularly, The Volleyball School claimed that Nguenang's and

---

[3]     StepByStep is not a party in this interlocutory appeal.

[4]     *See* TEX. CIV. PRAC. & REM. CODE §§ 134A.001–.008.

Vasquez's contracts prohibited them from contacting or providing "any volleyball related services" to The Volleyball School's customers "for 12 months after termination." The Volleyball School alleged that Tiedjop had agreed that The Volleyball School's customer information was the school's property and that the information would remain confidential. It alleged that Tiedjop had also agreed not "[to] solicit or engage in any business activity with [its] customers or vendors" for one year after he left.

The Volleyball School claimed that it had performed under the contracts by, among other things, paying Appellants for their coaching services. It alleged that Nguenang and Vasquez had breached their contracts "by providing volleyball related services to The Volleyball School's customers within 12 months after [their] termination." It also alleged that Tiedjop had breached his contract "by soliciting and/or engaging in business activities with the volleyball school's customers and/or vendors" and "by taking and using confidential property of The Volleyball School." The Volleyball School asserted that Appellants' breaches of contract had caused it to incur damages.

On December 14, 2021, the trial court signed an order granting Appellants' and StepByStep's motion for partial summary judgment. The order dismissed The Volleyball School's breach of fiduciary duty, unfair competition by misappropriation, and conspiracy causes of action because they were preempted by

5

TUTSA. At that point, the TUTSA claims against Appellants and StepByStep and the breach-of-contract claims against Appellants remained pending.

A week later, Appellants and StepByStep filed a motion to dismiss The Volleyball School's breach-of-contract claims against Appellants under the TCPA. The TUTSA claims were not included in the motion. Appellants and StepByStep asserted that the breach-of-contract claims should be dismissed under the TCPA because the claims were filed in response to the exercise of Appellants' right of petition. Specifically, they claimed that the filing of their motion for partial summary judgment qualified as an exercise of their right of petition and that The Volleyball School's breach-of-contract claims were in response to the motion.

The Volleyball School contended that Appellants and StepByStep had not met their burden to show that the TCPA applied to its breach-of-contract claims. It also argued that its breach-of-contract claims were statutorily exempted under the TCPA. Finally, The Volleyball School asserted that, even if the TCPA applied, it had offered sufficient prima facie proof of its breach-of-contract claims to defeat the TCPA motion to dismiss.

Following a hearing, the trial court signed an order denying the TCPA motion to dismiss The Volleyball School's breach-of-contract claims. Appellants now appeal that ruling in two issues. StepByStep did not appeal.

**Denial of TCPA Motion**

In their first issue, Appellants challenge the trial court's denial of their motion to dismiss The Volleyball School's breach-of-contract claims under the TCPA.

**A.      Statutory Framework & Standard of Review**

The TCPA protects citizens who associate, petition, or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them. *See* TEX. CIV. PRAC. & REM. CODE § 27.002. That protection comes in the form of a "special motion to dismiss . . . for any suit that appears to stifle the defendant's exercise of those rights." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (internal quotation marks omitted).

Review of a TCPA motion to dismiss is a three-step process. *See Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). In the first step, the movant must show that the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). To meet this burden, a movant must demonstrate that the legal action is based on or is in response to the movant's exercise of one of the rights listed in section 27.005(b), including the right of petition. *See id.* §§ 27.003(a), 27.005(b)(1)(A).

If the first step is met—that is, the movant shows that the TCPA applies— then the burden shifts to the non-movant under the second step to establish "by clear and specific evidence a prima facie case for each essential element" of his claim. *Id.* § 27.005(c). Under the third step—even if the non-movant satisfies the second

step—the court will nonetheless dismiss the legal action "if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

We review de novo the denial of a TCPA motion to dismiss. *Holcomb v. Waller Cnty.*, 546 S.W.3d 833, 839 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). We likewise interpret the TCPA and decide whether it applies to a legal action de novo. *See Youngkin*, 546 S.W.3d at 680. When determining "whether a legal action is subject to or should be dismissed under [the TCPA], the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE § 27.006(a). We view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

## B. TCPA's Applicability

To meet their burden under the first step, Appellants asserted that The Volleyball School's breach-of-contract claims were a legal action in response to Appellants' exercise of the right of petition, namely, their motion for partial summary judgment. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(B). The TCPA defines a "legal action" to include "a cause of action," *id.* § 27.001(6), and an

"exercise of the right to petition" to include "a communication in or pertaining to . . . a judicial proceeding," *id.* § 27.001(4)(A)(i). "Communication" is defined, in part, as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). Given these definitions, the parties do not dispute that The Volleyball School's breach-of-contract cause of action against Appellants was a "legal action" or that Appellants exercised their right of petition by filing the motion for partial summary judgment. Instead, the parties dispute whether Appellants met their TCPA burden of demonstrating that The Volleyball School's breach-of-contract claims against them were in *response to* their motion for partial summary judgment.[5] *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(B).

Appellants contend that The Volleyball School's breach-of-contract claims were in response to Appellants' motion for partial summary judgment because they were filed subsequently to the filing of the motion for partial summary judgment on the same day that The Volleyball School filed its response to the motion. We note that we rejected a similar argument in *Pierce v. Stocks*, No. 01-18-00990-CV, 2019

---

[5] As mentioned, a movant may show that the TCPA applies by demonstrating that "the legal action is based on *or* is in response to" its exercise of the right of petition. TEX. CIV. PRAC. & REM. CODE § 27.005(b)(1)(B) (emphasis added). Here, Appellants relied on the "response to" language to demonstrate the TCPA's applicability to The Volleyball School's breach-of-contract claims. In their reply brief, Appellants state, "To be clear, the Appellants do not rely on the 'based on' language of the TCPA."

WL 3418513, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.).

In *Pierce*, Stocks, a surgeon, sued Pierce, the former chief operating officer of Stock's medical practice group, for fraud and breach of fiduciary duty. *See id.* *1. Stocks filed the lawsuit about one month after Pierce had sued Stock's medical practice in federal court for age, disability, and gender discrimination. *See id.* Pierce filed a TCPA motion to dismiss Stock's lawsuit, arguing that the lawsuit violated her exercise of right of petition because it was in response to her federal lawsuit against Stock's clinic. *Id.*

On appeal, we affirmed the trial court's denial of Pierce's TCPA motion. *Id.* at *5. We rejected Pierce's argument that Stock's lawsuit "was in response to her federal lawsuit because it was asserted subsequently in time," recognizing that "[t]here are myriad reasons for deciding if and when to bring a legal action against a person." *Id.* (quoting *Beving v. Beadles*, 563 S.W.3d 399, 408 (Tex. App.—Fort Worth 2018, pet. denied)). We explained that "[m]erely arguing *post hoc ergo propter hoc* will not satisfy" a movant's burden to demonstrate that the legal action was filed in response to the movant's exercise of her right of petition.[6] *Id.* We stated that was particularly true in *Pierce* because Stocks's lawsuit was "premised on

---

[6] *Post hoc, ergo propter hoc* means "after this, therefore because of this." *See* Post hoc, Black's Law Dictionary (11th ed. 2019).

10

conduct that occurred well before Pierce filed her federal lawsuit." *Id.* The same is true here. The Volleyball School's breach-of-contract claims are premised on conduct that occurred well before Appellants filed the motion for partial summary judgment.

As touched on by *Pierce*, this Court has recognized that "[t]he party seeking dismissal must demonstrate that the legal action is 'factually predicated' on conduct that falls within the scope of the right of free speech, right of association, or right to petition as statutorily defined."[7] *Jetall Companies, Inc. v. Sonder USA Inc.*, No. 01-21-00378-CV, 2022 WL 17684340, at *15 (Tex. App.—Houston [1st Dist.] Dec. 15, 2022, no pet.) (mem. op.); *see Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 85 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("The TCPA's 'is based on, relates to, or is in response to' language captures, at a minimum, a 'legal action' that is factually predicated upon or relates to[8] alleged conduct that would fall within

---

[7]    Other appellate courts have recognized this principle as well. *See, e.g.*, *Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 296 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (stating that TCPA "at least" requires legal action to be factually predicated on TCPA-protected right); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied) ("In order to trigger the TCPA's protection, the legal action must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of exercise of the right of free speech, petition, or association.") (cleaned up)).

[8]    In its 2019 amendments, the legislature removed the phrase "relates to" from the TCPA. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 2–3, 2019 Tex. Sess. Law Serv. 684, 685 (reflecting removal of phrase "relates to" in TCPA sections 27.003(a) and 27.005(b)).

the TCPA's definition of exercise of the right to petition."). Here, The Volleyball School's amended petition shows that its breach-of-contract claims were not factually predicated on Appellants' motion for partial summary judgment. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (stating that plaintiff's petition is "the best and all-sufficient evidence of the nature of the action").

As discussed, to support it breach-of-contract claims, The Volleyball School relied on facts that all pre-dated the filing of Appellants' motion for partial summary judgment. Specifically, in its amended petition, The Volleyball School alleged that it had separate contracts with Appellants Nguenang, Vasquez, and Tiedjop. It claimed that Nguenang's and Vasquez's contracts prohibited them from contacting or providing "any volleyball related services" to The Volleyball School's customers for 12 months after their termination. And it alleged that Tiedjop had agreed that the school's customer information was its confidential property and would remain so. It claimed that Tiedjop had also agreed not to solicit the school's customers or vendors for one year after his departure. The Volleyball School asserted that Appellants had breached these provisions of the contracts causing it damages.

On appeal, Appellants argue that The Volleyball School filed its amended petition adding the breach-of-contract claims because it was "faced with the dismissal of a majority of [its] claims against Appellants" by way of their partial summary-judgment motion. But, as we recognized in *Pierce*, there are many factors

12

affecting if or when a plaintiff files a claim against another party. *See Pierce*, 2019 WL 3418513, at *5. And, most importantly, The Volleyball School's amended petition reflects that its breach-of-contract claims were not factually predicated on Appellants' filing of the motion for partial summary judgment.

In its amended petition, The Volleyball School did not mention Appellants' motion for partial summary judgment to support its breach-of-contract claims or otherwise reference the motion. Instead, the breach-of-contract claims were factually predicated on Appellants' conduct or communications occurring before Appellants exercised their right of petition, that is, before they filed their motion for partial summary judgment. Thus, we conclude that Appellants did not meet their threshold burden to demonstrate that the TCPA applied to The Volleyball School's breach-of-contract claims. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b)(1)(A); *see also Pierce*, 2019 WL 3418513, at *5; *Willow Creek Golf Club, Inc. v. Willow Creek Mgmt., Inc.*, No. 14-21-00727-CV, 2023 WL 166836, at *6 (Tex. App.—Houston [14th Dist.] Jan. 12, 2023, no pet.) (mem. op.) ("The TCPA does not apply . . . to the parts of [Tenant's breach-of-contract] claims factually predicated on Landlord's conduct or communications occurring before Landlord exercised its right to petition by filing the forcible detainer lawsuit."); *Beving*, 563 S.W.3d at 408 (rejecting argument that third-party petition was based on defendant's affidavit and

deposition testimony because causes of action in third-party petition arose out of facts occurring well before her affidavit and deposition).

We hold that the trial court did not err in denying Appellants' TCPA motion to dismiss. We overrule Appellants' first issue, which is dispositive of the appeal.[9]

## Conclusion

We affirm the trial court's order denying Appellants' motion to dismiss The Volleyball School's breach-of-contract claims under the TCPA.


Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

---

[9] Because they failed to meet their threshold TCPA burden, we need not reach Appellants' other first-issue arguments in which they assert that The Volleyball School did not meet its TCPA burden. Nor need we reach Appellants' second issue, challenging an evidentiary ruling. *See* TEX. R. APP. P. 47.1.